# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| KADARIUS CHEATHAM,<br><br>   Plaintiff,<br><br>   v.<br><br>KYLER FERN, individually,<br>DIA'MONTE O'NEAL, individually,<br>GERARDO SANCHEZ JR., individually,<br>WAYNE CUYLER, individually, and<br>KAREN GEETING, individually,<br><br>   Defendants. | Civil Action No.: 1:25-CV-5<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. This case is about the excessive force inflicted upon Kadarius Cheatham during his detention at Charles B. Webster Detention Center (Richmond County Jail or "the Jail").

2. While Mr. Cheatham was a pre-trail detainee, guards physically assaulted him on several occasions, in violation of his Fourteenth Amendment rights.

3. On January 10, 2023, Mr. Cheatham was confined in single person cell at the Jail. Over the course of the previous days and continuing January 10, 2023, Mr. Cheatham was subjected to increasingly inhumane conditions. For instance, Mr. Cheatham had not been given anything to eat or drink for approximately 48 hours. To make matters worse, urine and feces was allowed to flow into Mr. Cheatham's cell. During this time, Mr. Cheatham had asked guards to provide him

with proper food and/or water as well as cleaning supplies for his cell. His requests were unanswered and/or openly mocked by guards.

4. In an act of desperation, Mr. Cheatham ruptured the heat detection bulb which caused the sprinkler in his cell to activate. After doing so, Mr. Cheatham laid face-down near the back wall of his cell with his hands behind his back. Ofc. Fern and Ofc. O'Neal entered Mr. Cheatham's cell and handcuffed his arms behind his back. At this point, no further force was necessary to secure Mr. Cheatham.

5. However, Ofc. Fern and Ofc. O'Neal decided to punish Mr. Cheatham for his desperate attempt to get their attention. In doing so, Ofc. Fern and Ofc. O'Neal inflicted a life-threatening beating on Mr. Cheatham—all while Mr. Cheatham was handcuffed and compliant.

6. Ofc. Fern and Ofc. O'Neal punched him in the head, rammed his face into the metal "slider" between the Jail doors, and jumped on his back. This unjustified and unconstitutionally excessive attack severely injured Mr. Cheatham's spine and caused excruciating pain and paralysis.

7. Mr. Cheatham spent the next five weeks on "lockdown" where he was housed in solitary confinement and often denied food and water as well as an hour of recreation time. On February 22, 2023, Mr. Cheatham returned to a non-segregated housing unit within the Jail. At this point, Mr. Cheatham could barely walk, was using a wheelchair, and was suffering from debilitating nerve damage and paralysis.

8. On February 22, 2023, Mr. Cheatham was attempting to move between permitted areas in the housing unit and asked Ofc. Sanchez to assist him with opening a door. In response to this reasonable request, Ofc. Sanchez became irate. Ofc. Sanchez opened the door, threw Mr. Cheatham to the floor, and started violently kicking his head, neck, and back—exacerbating Mr. Cheatham's injuries.

## JURISDICTION AND VENUE

9. This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction of federal claims under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of pendant state law claims under 28 U.S.C. § 1337.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims arose in this district and division

## PARTIES

11. Plaintiff Kadarius Cheatham is a United States citizen.

12. Defendant Kyler Fern is Richmond County Sheriff's Office Official, who is sued in his individual capacity. At all times relevant to this Complaint, Fern acted under the color of law.

13. Defendant Dia'Monte O'Neal is a Richmond County Sheriff's Office Official, who is sued in his individual capacity. At all times relevant to this Complaint, O'Neal acted under the color of law.

14. Defendant Gerardo Sanchez Jr. is a Richmond County Sheriff's Office Official, who is sued in his individual capacity. At all times relevant to this Complaint, Sanchez acted under the color of law.

15. Defendant Wayne Cuyler is a Richmond County Sheriff's Office Official, who is sued in his individual capacity. At all times relevant to this Complaint, Cuyler acted under the color of law.

16. Defendant Karen Geeting is a Richmond County Sheriff's Office Official, who is sued in her individual capacity. At all times relevant to this Complaint, Geeting acted under the color of law.

**FACTS**

17. On January 10, 2023, Kadarius Cheatham was incarcerated at the Charles B. Webster Detention Center.

18. At this time, Mr. Cheatham was housed in a segregated unit, in isolation, and in increasingly inhume conditions.

19. In this Unit, Officers routinely failed to conduct rounds and ensure that detainees were provided meals.

20. Officers routinely failed to let Mr. Cheatham out of his cell for any meaningful period.

21. Mr. Cheatham was not given water or anything to drink for nearly 48 hours prior to his attack on January 10, 2023.

22. When Jail staff provided Mr. Cheatham his first meal of the day on January 10, 2023, they carelessly threw it through the flap in his cell door where it landed in the human waste that had collected in Mr. Cheatham's cell.

23. Mr. Cheatham pleaded for a different meal, some water, and some cleaning supplies for his cell.

24. Jail staff ignored Mr. Cheatham's requests.

25. When Jail staff provided Mr. Cheatham his second meal on January 10, 2023, they again carelessly tossed it into the human waste near the door of his cell.

26. Mr. Cheatham begged Jail staff again for a different meal, some water, and cleaning supplies.

27. Jail staff again ignored Mr. Cheatham's requests.

28. Out of desperation and as a last resort to get help, Mr. Cheatham manipulated the sprinkler in his cell causing water to enter the cell.

29. Ofc. Fern and Ofc. O'Neal started laughing and making comments such as "we're going to beat his ass now."

30. Ofc. Fern and Ofc. O'Neal waited for the sprinkler to stop before entering Mr. Cheatham's cell.

31. Mr. Cheatham did not want any physical confrontation, so he laid face-down, with his hands behind his back, near the rear wall of his cell.

32. Ofc. Fern and Ofc. O'Neal placed handcuffs on Mr. Cheatham.

33. While restrained in handcuffs, Ofc. Fern and Ofc. O'Neal beat Mr. Cheatham.

34. Ofc. Fern and Ofc. O'Neal slammed Mr. Cheatham to floor while he was handcuffed and could not protect himself.

35. Ofc. Fern and Ofc. O'Neal rammed Mr. Cheatham into the "slider" door outside of Mr. Cheatham's cell.

36. Ofc. Fern and Ofc. O'Neal violently struck Mr. Cheatham with their fists and knees.

37. Ofc. Fern and Ofc. O'Neal jumped on Mr. Cheatham's back.

38. Ofc. Davis told Ofc. Fern and Ofc. O'Neal to stop hitting Mr. Cheatham because he was restrained in handcuffs.

39. Ofc. Fern and Ofc. O'Neal ignored Ofc. Davis and continued to beat Mr. Cheatham.

40. Sgt. Cuyler and Sgt. Geeting arrived on the scene.

41. Mr. Cheatham informed Sgt. Cuyler that his neck, shoulder, and back had been injured.

42. In response, Sgt. Cuyler began to squeeze Mr. Cheatham's neck and shoulder causing Mr. Cheatham immense physical pain.

43. In addition, Sgt. Cuyler choked Mr. Cheatham, thus causing him pain and aggravating his injured neck.

44. Sgt. Geeting observed Sgt. Cuyler inflict wanton, excessive, and unconstitutional force on Mr. Cheatham, yet failed to intervene.

45. Sgt. Geeting had ample opportunity to intervene while Sgt. Cuyler assaulted Mr. Cheatham but failed to act.

46. After that, Mr. Cheatham was escorted to a different area of the Jail where he was evaluated by a Jail Nurse.

47. Mr. Cheatham was placed in a restraint chair.

48. Sgt. Cuyler intentionally restrained Mr. Cheatham so tightly as to cause intense mental and physical pain.

49. While Mr. Cheatham was in the restraint chair, Sgt. Cuyler transported him to a different section of the Jail.

50. During this transport, Sgt. Cuyler intentionally toppled over the restraint chair while Mr. Cheatham was restrained attempting to cause him further pain, injury, and humiliation.

51. Defendants together then denied Mr. Cheatham's requests for medical care after this physical attack by the guards.

52. In the period between January 10, 2023, and February 22, 2023, Mr. Cheatham was shuffled between various solitary housing units.

53. During this period, Mr. Cheatham was regularly denied food, water, and adequate medical care.

54. On February 22, 2023, Mr. Cheatham returned to a general population housing unit.

55. On this day, Mr. Cheatham attempted to move between permitted areas of this housing unit.

56. Because of his physical injuries, Mr. Cheatham was unable to open a door between sections of the housing unit.

57. Mr. Cheatham asked Ofc. Sanchez for assistance.

58. Ofc. Sanchez became irate at this request.

59. Ofc. Sanchez opened the door and threw Mr. Cheatham on the floor.

60. Ofc. Sanchez kicked Mr. Cheatham all over his body.

61. Two other Jail staff (Cpl. Coleman and Ofc. Clark) grabbed Ofc. Sanchez to get him to stop kicking Mr. Cheatham.

62. Over the next several days, Mr. Cheatham complained about his physical injuries.

63. Mr. Cheatham was finally taken to the hospital on March 8, 2023.

64. Mr. Cheatham underwent a discectomy surgery for his injuries in May of 2023.

65. Mr. Cheatham suffered severe pain and lasting injuries resulting from the beatings he received from Defendants.

66. Mr. Cheatham continues to have difficulty walking and uses a walker or a cane to assist with his mobility issues.

67. Mr. Cheatham has nerve damage from Defendants' attacks.

## COUNT 1

### *Excessive Force*
### *under 42 U.S.C. § 1983 and the Fourteenth Amendment*
### *Against Fern, O'Neal, Sanchez, and Cuyler*

68. Plaintiff was subjected to excessive force in violation of the Fourteenth Amendment.

69. Defendants acted under color of law when they subjected Plaintiff to excessive force.

70. Defendants' conduct was objectively unreasonable.

71. Defendants' conduct served no genuine penological purpose.

72. Defendants' conduct caused Plaintiff's injuries.

73. Defendants acted intentionally, purposefully, and recklessly such that an award of punitive damages is appropriate.

## COUNT 2

### *Failure to Intervene against Excessive Force*
### *under 42 U.S.C. § 1983 and the Fourteenth Amendment*
### *Against Defendant Geeting*

74. Plaintiff was subjected to excessive force in violation of the Fourteenth Amendment.

75. Defendant Geeting was present on the scene and witnessed the excessive force inflicted on Plaintiff.

76. Defendant Geeting had ample opportunity to intervene to prevent the excessive force but failed to do so.

77. Defendant Geeting acted unreasonably by failing to protect the Plaintiff from excessive and unconstitutional force.

78. Defendant Geeting's failure to intervene caused Plaintiff's injuries.

79. Defendant Geeting acted intentionally, purposefully, and recklessly such that an award of punitive damages is appropriate.

## COUNT 3

### *Battery*
### *Against Defendants Fern, O'Neal, Sanchez, and Cuyler*

80. Government officials are not entitled to official immunity when they cause harm with actual malice.

81. When a guard beats a non-resisting prisoner, without justification, they act with actual malice.

82. Defendants Fern, O'Neal, Sanchez and Cuyler had no justification to beat Mr. Cheatham when they did, with actual malice, causing foreseeable injury to his body.

83. Plaintiff was seriously injured as a result of Defendants' actions and had to undergo surgery.

84. Defendants acted with actual malice such that they are not entitled to qualified immunity.

85. Defendants acted intentionally, purposefully, and recklessly such that an award of punitive damages is appropriate.

## COUNT 4

### *Attorneys' Fees*
### *Against all Defendants*

86. Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense through the events giving rise to this action as well as in Defendants' course of conduct in this litigation.

87. Plaintiff requests reasonable attorneys' fees and expenses associated with this litigation, and such fees and expenses are appropriate under O.C.G.A. § 13-6-11.

88. Plaintiff is also entitled to attorneys' fees under 42 U.S.C. § 1988.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests this Court:

a) Hold a trial by jury on all issues so triable;

b) Award nominal, compensatory, special, and punitive damages to Plaintiff against Defendants in an amount to be proven at trial;

c) Award Plaintiff attorneys' fees under 42 U.S.C. § 1988 and state law;

d) Tax all costs of this action against Defendants; and

e) Award any additional or alternative legal or equitable relief that is just and appropriate.

Respectfully submitted, this 9th day of January, 2025.

> */s/Samantha Funt*
> Samantha Funt
> Georgia Bar No. 943783
> Zack Greenamyre
> Georgia Bar No. 293002

MITCHELL SHAPIRO GREENAMYRE & FUNT, LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
Phone: 404-812-4747
Fax: 404-812-4740
sam@mitchellshapiro.com
zack@mitchellshapiro.com