IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KADARIUS CHEATHAM, | ) | |
| | ) | Civil Action File No.: |
| Plaintiff, | ) | CV125-005 |
| | ) | |
| v. | ) | **ANSWER OF DEFENDANT** |
| | ) | **KYLER FERN** |
| KYLER FERN, DIA'MONTE O'NEAL, | ) | |
| GERARDO SANCHEZ, JR., WAYNE | ) | |
| CUYLER and KAREN GEETING, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES the defendant Kyler Fern ("this defendant"), and files this Answer to the plaintiff's Complaint as follows:

## FIRST DEFENSE

The plaintiff's Complaint fails to state a claim against this defendant upon which relief can be granted and should be dismissed.

## SECOND DEFENSE

The plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

## FOURTH DEFENSE

The plaintiff's claims for punitive damages and attorney's fees are barred by statutory, constitutional, and common law.

## **FIFTH DEFENSE**

The plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and applicable provisions of the Constitution of the State of Georgia on the following grounds:

a. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive or exemplary damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

b. The procedures pursuant to which punitive or exemplary damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

c. The procedures pursuant to which punitive or exemplary damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

d. The procedures pursuant to which punitive or exemplary damages are awarded fail to provide specific standards for the amount of the award of such damages, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

e. The procedures pursuant to which punitive or exemplary damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

  f. The procedures pursuant to which punitive or exemplary damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and the excessive fines clause of the Constitution of the State of Georgia in that this defendant has no protection against disproportionate punishment allowed by recovery of such damages.

  g. Allowing punitive or exemplary damages to be imposed by jurors as they think best offends the basic concept of due process, namely, the right of an individual to be free from arbitrary action by the government.

### SIXTH DEFENSE

The plaintiff's claims against this defendant are barred, in whole or in part, by the doctrine of qualified immunity from suit and liability. This defendant did not violate any clearly established constitutional rights of which a reasonable official would have known, under the facts and circumstances available to this defendant, and he is, therefore, entitled to qualified immunity.

### SEVENTH DEFENSE

This defendant at all times herein mentioned acted in good faith, without malice and within the scope of his duties as an officer and/or agent of the Richmond County Sheriff's Office, and he is, therefore, immune from the allegations of the plaintiff's Complaint.

### EIGHTH DEFENSE

The plaintiff's claims against this defendant in his individual capacity are barred, in whole or in part, by the official immunity afforded to this defendant pursuant to Art. I, Sec. II, Para. IX of the Georgia Constitution.

**NINTH DEFENSE**

This defendant asserts the defenses of privilege, legal justification, and any and all statutory defenses and immunities available to said defendant as a public officer.

**TENTH DEFENSE**

The plaintiff's claims are barred in whole, or in part, by the doctrines of contributory and/or comparative negligence.

**ELEVENTH DEFENSE**

Any force applied to the plaintiff was reasonably proportionate to the need for that force.

**TWELFTH DEFENSE**

This defendant answers the specific allegations of the plaintiff's Complaint in numbered paragraphs which correspond with the numbered paragraphs of the plaintiff's Complaint as follows:

1. This defendant denies the allegations contained in paragraph numbered 1 of the plaintiff's Complaint.

2. This defendant denies the allegations contained in paragraph numbered 2 of the plaintiff's Complaint.

3. This defendant denies the allegations contained in paragraph numbered 3 of the plaintiff's Complaint.

4. In response to the allegations contained in paragraph numbered 4 of the plaintiff's Complaint, this defendant admits that the plaintiff broke a sprinkler head in his cell, that he was instructed to lie on the ground so that he could be handcuffed, and that he was handcuffed by

Deputies Fern and O'Neal. This defendant denies the remaining allegations contained in paragraph numbered 4.

5. This defendant denies the allegations contained in paragraph numbered 5 of the plaintiff's Complaint.

6. This defendant denies the allegations contained in paragraph numbered 6 of the plaintiff's Complaint.

7. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 7 of the plaintiff's Complaint.

8. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 8 of the plaintiff's Complaint.

9. In response to the allegations contained in paragraph numbered 9 of the plaintiff's Complaint, this defendant admits that the plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This defendant denies the remaining allegations contained in paragraph numbered 9 and specifically denies that there has been any violation of any statutory or constitutional provision enumerated in paragraph numbered 9 or that the plaintiff is entitled to any relief in this action.

10. This defendant admits the allegations contained in paragraph numbered 10 of the plaintiff's Complaint.

11. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 11 of the plaintiff's Complaint.

12. In response to the allegations contained in paragraph numbered 12 of the plaintiff's Complaint, this defendant admits that Kyler Fern is a named defendant in this action and is an officer with the Richmond County Sheriff's Office. This defendant denies the remaining allegations contained in paragraph numbered 12.

13. In response to the allegations contained in paragraph numbered 13 of the plaintiff's Complaint, this defendant admits that Dia'Monte O'Neal is a named defendant in this action and was an officer with the Richmond County Sheriff's Office. This defendant denies the remaining allegations contained in paragraph numbered 13.

14. In response to the allegations contained in paragraph numbered 14 of the plaintiff's Complaint, this defendant admits that Gerardo Sanchez, Jr. is a named defendant in this action and was an officer with the Richmond County Sheriff's Office. This defendant denies the remaining allegations contained in paragraph numbered 14.

15. In response to the allegations contained in paragraph numbered 15 of the plaintiff's Complaint, this defendant admits that Wayne Cuyler is a named defendant in this action and is an officer with the Richmond County Sheriff's Office. This defendant denies the remaining allegations contained in paragraph numbered 15.

16. In response to the allegations contained in paragraph numbered 16 of the plaintiff's Complaint, this defendant admits that Karen Getting is a named defendant in this action and is an

officer with the Richmond County Sheriff's Office. This defendant denies the remaining allegations contained in paragraph numbered 16.

17. This defendant admits the allegations contained in paragraph numbered 17 of the plaintiff's Complaint.

18. This defendant denies the allegations contained in paragraph numbered 18 of the plaintiff's Complaint.

19. This defendant denies the allegations contained in paragraph numbered 19 of the plaintiff's Complaint.

20. In response to the allegations contained in paragraph numbered 20 of the plaintiff's Complaint, this defendant states that the plaintiff was on a suicide prevention watch and the time he spent in his cell was consistent with policies concerning such a watch. This defendant denies the remaining allegations contained in paragraph numbered 20.

21. This defendant denies the allegations contained in paragraph numbered 21 of the plaintiff's Complaint.

22. In response to the allegations contained in paragraph numbered 22 of the plaintiff's Complaint, this defendant denies any allegation contained in paragraph numbered 22 that pertains to him. This defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph numbered 22.

23. In response to the allegations contained in paragraph numbered 23 of the plaintiff's Complaint, this defendant denies any allegation contained in paragraph numbered 23 that pertains to him. This defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph numbered 23.

24. In response to the allegations contained in paragraph numbered 24 of the plaintiff's Complaint, this defendant denies any allegation contained in paragraph numbered 24 that pertains to him. This defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph numbered 24.

25. In response to the allegations contained in paragraph numbered 25 of the plaintiff's Complaint, this defendant denies any allegation contained in paragraph numbered 25 that pertains to him. This defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph numbered 25.

26. In response to the allegations contained in paragraph numbered 26 of the plaintiff's Complaint, this defendant denies any allegation contained in paragraph numbered 26 that pertains to him. This defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph numbered 26.

27. In response to the allegations contained in paragraph numbered 27 of the plaintiff's Complaint, this defendant denies any allegation contained in paragraph numbered 27 that pertains to him. This defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph numbered 27.

28. In response to the allegations contained in paragraph numbered 28 of the plaintiff's Complaint, this defendant admits that the plaintiff broke a sprinkler head in his cell. This defendant denies the remaining allegations contained in paragraph numbered 28.

29. This defendant denies the allegations contained in paragraph numbered 29 of the plaintiff's Complaint.

30. This defendant admits the allegations contained in paragraph numbered 30 of the plaintiff's Complaint.

31. In response to the allegations contained in paragraph numbered 31 of the plaintiff's Complaint, this defendant admits that after the water was cut off to the plaintiff's cell, he asked the plaintiff to lie down so he could be handcuffed. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph numbered 31, including what the plaintiff was thinking.

32. This defendant admits the allegations contained in paragraph numbered 32 of the plaintiff's Complaint.

33. This defendant denies the allegations contained in paragraph numbered 33 of the plaintiff's Complaint.

34. This defendant denies the allegations contained in paragraph numbered 34 of the plaintiff's Complaint.

35. This defendant denies the allegations contained in paragraph numbered 35 of the plaintiff's Complaint.

36. This defendant denies the allegations contained in paragraph numbered 36 of the plaintiff's Complaint.

37. This defendant denies the allegations contained in paragraph numbered 37 of the plaintiff's Complaint.

38. This defendant denies the allegations contained in paragraph numbered 38 of the plaintiff's Complaint.

39. This defendant denies the allegations contained in paragraph numbered 39 of the plaintiff's Complaint.

40. This defendant admits the allegations contained in paragraph numbered 40 of the plaintiff's Complaint.

41. This defendant denies the allegations contained in paragraph numbered 41 of the plaintiff's Complaint.

42. This defendant denies the allegations contained in paragraph numbered 42 of the plaintiff's Complaint.

43. This defendant denies the allegations contained in paragraph numbered 43 of the plaintiff's Complaint.

44. This defendant denies the allegations contained in paragraph numbered 44 of the plaintiff's Complaint.

45. This defendant denies the allegations contained in paragraph numbered 45 of the plaintiff's Complaint.

46. In response to the allegations contained in paragraph numbered 46 of the plaintiff's Complaint, this defendant admits that the plaintiff was escorted to a different area of the jail where he was evaluated by a jail nurse. This defendant denies the remaining allegations contained in paragraph numbered 46.

47. This defendant admits the allegations contained in paragraph numbered 47 of the plaintiff's Complaint.

48. This defendant denies the allegations contained in paragraph numbered 48 of the plaintiff's Complaint.

49. This defendant admits the allegations contained in paragraph numbered 49 of the plaintiff's Complaint.

50. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 50 of the plaintiff's Complaint.

51. This defendant denies the allegations contained in paragraph numbered 51 of the plaintiff's Complaint.

52. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 52 of the plaintiff's Complaint.

53. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 53 of the plaintiff's Complaint.

54. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 54 of the plaintiff's Complaint.

55. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 55 of the plaintiff's Complaint.

56. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 56 of the plaintiff's Complaint.

57. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 57 of the plaintiff's Complaint.

58. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 58 of the plaintiff's Complaint.

59. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 59 of the plaintiff's Complaint.

60. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 60 of the plaintiff's Complaint.

61. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 61 of the plaintiff's Complaint.

62. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 62 of the plaintiff's Complaint.

63. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 63 of the plaintiff's Complaint.

64. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 64 of the plaintiff's Complaint.

65. This defendant denies the allegations contained in paragraph numbered 65 of the plaintiff's Complaint.

66. This defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph numbered 66 of the plaintiff's Complaint.

67. This defendant denies the allegations contained in paragraph numbered 67 of the plaintiff's Complaint.

68. This defendant denies the allegations contained in paragraph numbered 68 of the plaintiff's Complaint.

69. This defendant denies the allegations contained in paragraph numbered 69 of the plaintiff's Complaint.

70. This defendant denies the allegations contained in paragraph numbered 70 of the plaintiff's Complaint.

71. This defendant denies the allegations contained in paragraph numbered 71 of the plaintiff's Complaint.

72. This defendant denies the allegations contained in paragraph numbered 72 of the plaintiff's Complaint.

73. This defendant denies the allegations contained in paragraph numbered 73 of the plaintiff's Complaint.

74. This defendant denies the allegations contained in paragraph numbered 74 of the plaintiff's Complaint.

75. This defendant denies the allegations contained in paragraph numbered 75 of the plaintiff's Complaint.

76. This defendant denies the allegations contained in paragraph numbered 76 of the plaintiff's Complaint.

77. This defendant denies the allegations contained in paragraph numbered 77 of the plaintiff's Complaint.

78. This defendant denies the allegations contained in paragraph numbered 78 of the plaintiff's Complaint.

79. This defendant denies the allegations contained in paragraph numbered 79 of the plaintiff's Complaint.

80. This defendant denies the allegations contained in paragraph numbered 80 of the plaintiff's Complaint as an inaccurate or incomplete statement of law. This defendant further denies any allegations contained in paragraph numbered 80 that pertain to him.

81. This defendant denies the allegations contained in paragraph numbered 81 of the plaintiff's Complaint.

82. This defendant denies the allegations contained in paragraph numbered 82 of the plaintiff's Complaint.

83. This defendant denies the allegations contained in paragraph numbered 83 of the plaintiff's Complaint.

84. This defendant denies the allegations contained in paragraph numbered 84 of the plaintiff's Complaint.

85. This defendant denies the allegations contained in paragraph numbered 85 of the plaintiff's Complaint.

86. This defendant denies the allegations contained in paragraph numbered 86 of the plaintiff's Complaint.

87. This defendant denies the allegations contained in paragraph numbered 87 of the plaintiff's Complaint.

88. This defendant denies the allegations contained in paragraph numbered 88 of the plaintiff's Complaint.

89. This defendant denies the allegations contained in the *ad damnum* clause of the plaintiff's Complaint.

## THIRTEENTH DEFENSE

Any allegations contained in the plaintiff's Complaint that are not admitted, denied, or otherwise specifically responded to above are hereby specifically denied.

WHEREFORE, this defendant prays that the plaintiff's Complaint against him be dismissed with all attorney's fees and costs charged to the plaintiff.

This 26 day of March, 2025.

/s/ James B. Ellington
James B. Ellington
Georgia Bar No. 243858
Attorney for Defendant Kyler Fern

OF COUNSEL:
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903
(706) 722-4481 telephone
(706) 722-9779 facsimile
jellington@hullbarrett.com

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing **Answer of Defendant Kyler Fern** with the Clerk of Court using the NextGen CM/ECF system and served upon counsel of record by electronic filing as follows:

Samantha Funt
Zach Greenamyre
3490 Piedmont Road, Suite 650
Atlanta, GA  30305
sam@mitchellshapiro.com
zack@mitchellshapiro.com

This 26 day of March, 2025.

/s/ James B. Ellington
James B. Ellington
